**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

DEFAVRY TRAVEK GANT,
          *Defendant-Appellant.*

No. 03-4224

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-01-880)

Submitted: September 25, 2003

Decided: February 17, 2004

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Bradley Bennett, SALVINI & BENNETT, L.L.C., Pickens, South
Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attor-
ney, E. Jean Howard, Assistant United States Attorney, Greenville,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Defavry Gant pled guilty in December 2001 to conspiracy to possess with intent to distribute and to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846 (2000). The presentence report recommended an enhancement for obstruction of justice based on Gant's threatening of a witness after he was released on bond. At Gant's initial sentencing hearing, he mentioned requesting a polygraph examination when he was arrested for harassing the witness. At the conclusion of his testimony, the following exchange took place:

THE COURT: Now, you keep bringing up this thing about telling the officers after you were arrested that you wanted to take a polygraph to see whether you were at her house that night.

THE WITNESS: Yes, sir.

THE COURT: Is that what you told them?

THE WITNESS: Yes, sir.

THE COURT: Is that what you still want to do?

THE WITNESS: Yes, sir.

THE COURT: You want to take a polygraph?

THE WITNESS: Yes, sir.

THE COURT: Do you understand if you take a polygraph or if you refuse to take a polygraph, I will not hold it against you in any way?

THE WITNESS: Yes, sir.

THE COURT: Is the Government agreeable to that?

MS. HOWARD:  Yes, Your Honor.

MR. NESSLER:  Yes, Your Honor.

THE COURT:  Let's give him a polygraph on that. We'll postpone this.

At the final sentencing hearing, no mention was made of the polygraphs and there were no objections made to the presentence report. The district court sentenced Gant to 210 months imprisonment, followed by five years of supervised release. He appeals.

Gant claims that the district court violated his Fifth Amendment rights when it inquired whether Gant wanted to take the polygraph examination and postponed his sentencing hearing. Gant concedes that he failed to object at sentencing; thus, this court's standard of review is for plain error only. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 734 (1993). To reverse for plain error, this court must: (1) identify an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Brewer*, 1 F.3d 1430, 1434-35 (4th Cir. 1993).

We find no error. The record clearly shows that Gant volunteered to take a polygraph exam, contrary to his assertion that the district court "forced" him to take the test. Moreover, the results were never introduced into evidence, and there is no indication in the record that the district court knew the results of either test.

Accordingly, we affirm Gant's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*